HOBSON, Judge.
Appellant, Wayne Charles Schergen, appeals from his conviction of thirty-one counts of possession of obscene materials with intent to distribute in violation of Section 847.011, Florida Statutes (1975). The counts may be classified as follows: 25 counts based on possession of various obscene motion picture films, one count based on possession of a motion picture film entitled “Knights of the Night — The Sling,” and five counts of possession of obscene magazines. We affirm the convictions based on five counts of possession of obscene magazines and one count of possession of a motion picture film entitled “Knights of the Night — The Sling.” We reverse the portion of the conviction based on 25 counts of possession of various obscene motion picture films.
Appellant was arrested on January 14, 1976 in a warehouse known as Gulfcoast News Agency, Inc. in Pinellas Park, Florida. Police officers had entered the warehouse pursuant to a valid search warrant which, authorized a search of the premises to locate a film entitled “Knights of the Night — The Sling.” The details of the contents of the film were specified in the warrant and the supporting affidavit.
The police officers were accompanied by several assistant state attorneys and were joined at the site by The Honorable Maynard F. Swanson, County Judge. Upon entering the warehouse, the search party set up film projectors which they had brought with them and began to search for the film specified in the warrant. In the process of looking for “Knights of the Night,” the officers screened some 243 reels of movie film. In addition, 325 magazines were discovered. As each reel was viewed, the officer filled in the blank portion of pre-printed affidavits with a description of what they had viewed. The officers then presented the completed affidavit as well as the reel of film described therein to Judge Swanson who viewed the film and issued a search warrant for it.[1] The same procedure was followed for the seizure of the magazines.
Eleven copies of the film described in the original warrant were seized. All copies were in boxes labeled with the title “Knights of the Night.”
*577 Appellee justifies the seizure of films and magazines not described in the original warrant on the theory that the officers were in a place where they had a legal right to be and the additional items were in plain view. We agree with this argument as it pertains to the seizure of the magazines but cannot agree that reels of film which must be unboxed and placed on a projector in order to be seen are in plain view. Police officers testified that the films had to be screened because their content could not be determined from the box labels. This is unlike other cases of this kind which this court has affirmed. In those cases the police officers’ testimony or affidavit showed that they had on numerous prior occasions investigated obscene films and that the obscene picture on the film box always appeared in the film itself. If the objectionable contents of these films were truly in plain view, it would not have been necessary to remove them from their boxes and place them in a projector for viewing. The First District Court of Appeal held in Purcell v. State, 325 So.2d 83 (Fla. 1st DCA 1976), that, with the exception of evidence of a crime or contraband which comes into plain view, those executing a search warrant are confined to objects specified in the warrant. Our position is compatible with that of our sister court.
We have no difficulty in accepting the procedures employed to gain entry into the warehouse and are disinclined to question the motives which prompted them. A state attorney and an officer involved in the search testified that the only purpose of the search was to seize copies of one particular film. The film projectors, pre-printed forms and the presence of a county judge were necessary in the event other contraband should come into plain view during search.
Pursuant to the United States Supreme Court mandate in Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), we subject the seizure of large quantities of books and films to a strict scrutiny. The actions of the state in seizing and projecting unspecified films constitutes an unreasonable search and the fruits of that search may not be used against appellant.
The convictions on the five counts of possession of obscene magazines and one count based on possession of the obscene motion picture film entitled “Knights of the Night — The Sling” are affirmed. The convictions on the remaining 25 counts based on possession of various obscene motion picture films are reversed, as the trial court should have suppressed the evidence in support of these 25 counts.
The judgment of guilt and sentence for the crime of possession of obscene material with intent to distribute or sell is hereby affirmed.
GRIMES, C. J., and DANAHY, J., concur.

. The affidavits and warrants were pre-printed with a description of the premises to be searched, defendant’s name and the judge’s name. A blank space was provided for a description of the item to be seized.